# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JASON GOODWILL,<br><br>                Plaintiff,<br><br>v.<br><br>SHEBOYGAN COUNTY DETENTION CENTER, PAUL BRINKMAN, SHEBOYGAN COUNTY, CITY OF SHEBOYGAN, and SHEBOYGAN POLICE DEPARTMENT,<br><br>                Defendants. | Case No. 17-CV-1326-JPS<br><br>**ORDER** |

        Plaintiff Jason Goodwill, a Wisconsin state prisoner who is proceeding *pro se*, filed a complaint alleging that the defendants violated his civil rights. This case was previously assigned to Magistrate Judge David E. Jones. However, because not all parties have had the opportunity to consent to magistrate judge jurisdiction, the case was reassigned to a District Judge for entry of this order dismissing the case.

        On February 16, 2018, Magistrate Judge Jones screened Plaintiff's complaint and determined that Plaintiff did not state a claim upon which relief could be granted. (Docket #17). Specifically, Magistrate Judge Jones noted that: (1) Plaintiff named as defendants several entities that are not subject to suit under Section 1983; (2) Plaintiff's complaint contained no factual allegations against defendant Paul Brinkman; (3) Plaintiff did not identify a "custom or policy" of Sheboygan County that violated his constitutional rights; (4) Plaintiff's complaint included factual allegations

against several individuals who were not named as defendants in the case; and (5) it appeared that Plaintiff was attempting to join many different claims against different defendants in the same lawsuit. *Id*. at 5-8. Magistrate Judge Jones directed Plaintiff to file an amended complaint, on or before March 2, 2018, if he wanted to proceed with the lawsuit. *Id.* at 8. He warned Plaintiff that failure to make a timely submission could result in dismissal of the action. *Id.* at 10.

On March 12, 2018, the Court received from Plaintiff a letter dated February 23, 2018. (Docket #18). It is not an amended complaint; indeed, it does not contain any factual allegations or claims. Instead, Plaintiff states in his letter that he needs more time to compile separate complaints for each of the sets of claims he seeks to bring. Plaintiff also states that he has sought the help of an attorney, but no attorney has entered the case on Plaintiff's behalf.

Plaintiff did not comply with Magistrate Judge Jones' order to file an amended complaint. Having reviewed Plaintiff's initial complaint and Magistrate Judge Jones' screening order, the Court agrees with Magistrate Judge Jones' assessment that the complaint fails to state a claim. In light of Plaintiff's failure to submit an amended complaint, as ordered, that sets forth claims on which relief can be granted, the Court will dismiss this case for failure to prosecute. Fed. R. Civ. P. 41(b). The dismissal is without prejudice, meaning that Plaintiff can file another suit if and when he is prepared to actually litigate his claims.

Accordingly,

**IT IS ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 20th day of March, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge